IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE BROWN, # 136414, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civil Action No. 2:14cv200-MEF |
| | )  (WO) |
| LEON FORNISS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

This case is before the court on a petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed by Alabama inmate Eddie Brown ("Brown") on March 17, 2014.  Doc. No. 1.  Brown challenges his convictions for nine crimes, including attempted murder (two counts), first-degree rape, first-degree robbery (two counts), first-degree arson, first-degree burglary, and first-degree kidnapping (two counts), entered by the Circuit Court of Montgomery County following a jury trial in August 1989.  That court sentenced Brown on August 29, 1989, as a habitual felony offender, to consecutive terms of life imprisonment for each conviction.

## II.   DISCUSSION

The records of this court indicate that Brown has filed two previous petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging the nine convictions entered against him in 1995 by the Circuit Court of Montgomery County, that were denied by this

court and dismissed with prejudice.  *See* Doc. No. 16 in *Brown v. Nagle, et al.*, Civil Action No. 2:95cv108-MHT (M.D. Ala. 1996) (Magistrate Judge's Recommendation in proceedings on Brown's second § 2254 petition to be denied and dismissed with prejudice, containing procedural history of disposition of Brown's previous § 2254 petition).  In the second of Brown's previous habeas actions to be dismissed with prejudice, this court found that Brown's petition amounted to an "abuse of the writ,"[1] a doctrine since incorporated by the successive-petition provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2244(b).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2]  28 U.S.C. § 2244(b)(3)(B) and (C).

---

[1] *See* Doc. No. 16 at 4, *Brown v. Nagle, et al.*, Civil Action No. 2:95cv108-MHT.

[2] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(continued...)

It does not appear from the pleadings filed in this action that Brown has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Brown] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed. *Id*. at 934.

---

[2](...continued)
28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The petition for writ of habeas corpus filed by Brown be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Brown has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that on or before **April 7, 2014**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 24th day of March, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE